# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MCCULLOCK,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>R. STEVEN THARRATT, et al.,<br><br>　　　　　Defendants. | CASE NO. 16cv457-LAB (DHB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; AND**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

　　　　Plaintiff, a prisoner in state custody, filed this 28 U.S.C. § 1983 action. Defendants' motion to dismiss was referred to the magistrate judge for a report and recommendation. On January 20, 2017, Magistrate Judge Louisa Porter issued her report and recommendation (the "R&R"), recommending that the motion to be dismissed with leave to amend. The R&R also ordered McCullock to show cause why Jin Kul Yu should not be dismissed, because this Defendant has not been served as required by Fed. R. Civ. P. 4(m). (See Docket no. 12 (return of service unexecuted, dated July 13, 2016).) The R&R gave the parties until February 10, 2017 to file objections.

　　　　Plaintiff then filed a motion for extension of time (Docket no. 25), which the Court construed as a motion for more time to file an amended complaint and possibly also for an extension of time to show cause regarding his failure to serve Jin Kul Yu. The Court issued an order giving Plaintiff until April 12, 2017 to amend his complaint. The order noted that the

Court understood his request to mean he agreed with the R&R that his complaint should be dismissed without prejudice.

McCullock in quick succession then filed two sets of objections to the R&R. (Docket nos. 27, 29.) A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). The Court may accept, reject, or modify, in whole or in part, the R & R's findings or recommendations. 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the R & R to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *Id.*

In his first set of objections, he complains that Magistrate Judge Louisa Porter is not the magistrate judge assigned to this case. Second, he alleges that the R&R "has not taken into consideration CCHCS's Utilization Management Medical Services Review Procedures." Third, he argues he has been denied discovery.

With regard to Judge Porter's involvement in this case, the Court referred the motion to dismiss to her, and mentioned this in its earlier order. Second, because McCullock has not yet pleaded a claim, he is not yet entitled to discovery.[1] *See Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)) ("The Supreme Court has stated, however, that plaintiffs must satisfy the pleading requirements of Rule 8 before the discovery stage, not after it.") His terse and generalized objection that Judge Porter failed to take review procedures into account, without more, does not amount to a "specific written objection." But in his second set of objections, he adds more explanation.

McCullock's second set of objections argues, without elaboration, that the R&R did not liberally construe his complaint. Although the Court agrees such pleadings are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this standard does not

---

[1] McCullock has not requested jurisdictional discovery. *See, e.g., Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999). But even if he had, it is not apparent he would be entitled to it.

allow the Court to plead McCullock's claims for him. *See Ivey v. Board of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982). He doesn't say what he thinks the R&R missed, or how his complaint should have been construed. The Court has reviewed the R&R and finds that it properly identified and applied standards applicable to *pro se* civil rights complaints. (*See* R&R at 7:27–8:9 (giving standards for construction of *pro se* civil rights claims).)

McCullock also cites *Hydrick v. Hunter*, 449 F.3d 978, 991 (9th Cir. 2006) for the principle that supervisors can be liable for constitutional violations by their subordinates, if they knowingly failed to prevent them. On this basis, he contends that Defendants are liable for the poor medical treatment he has been receiving, because they reviewed his requests for service. That decision has since been modified, however. *See Hunter v. Hydrick*, 129 S. Ct. 2431 (2009) (vacating and remanding for further consideration in light of *Iqbal*); *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012) (requiring plaintiffs alleging supervisory liability to plead specific facts showing the supervisors' participation in wrongdoing).

No alleged facts connect Defendants Steven Tharratt, a state official, and Daniel Paramo, warden of the prison where McCullock is held, with any deprivations of his rights. McCullock's is essentially either a *respondeat superior* theory, or a negligence claim based on their knowledge that prison medical care was generally bad. (*See* Complaint (Docket no. 1) at 2 (alleging Tharratt and Paramo are responsible for those under them, and therefore should be held liable) and 10–11 (alleging these two Defendants are responsible because they knew prison medical care was generally bad, and failed to act).) Factual allegations connecting Defendants Glynn (*id*. at 3), Roberts (*id*. at 4), and Walker (*id*. at 4–5) with violations of McCullock's constitutional rights are also missing.

The complaint also asserts that several of these Defendants failed to adequately train Defendant Jin Kul Yu, but provides no factual allegations to support this conclusion. The complaint alleges that after McCullock was denied adequate medical care, some of these Defendants required Jin Kul Yu to undergo a 30-minute training session, which the complaint alleges was inadequate. It also alleges that Walker removed Jin Kul Yu from his position

later. But those things happened only after McCullock alleges the violations occurred, and could not have caused any injury to him. No facts are alleged to support a claim that these Defendants knew of and were deliberately indifferent to a serious risk of harm to McCullock.

After a review of the complaint, the Court finds it to be inadequately pled. Even with the benefit of liberal construction, it does not meet pleading standards. *See Erickson*, 551 U.S. at 94; *Hydrick*, 669 F.3d at 942.

Other than this, McCullock has offered no specific written objections. For reasons set forth above, the objections are **OVERRULED** and the R&R is **ADOPTED**. The complaint is **DISMISSED WITH LEAVE TO AMEND**. No later than **April 12, 2017**, McCullock shall file his amended complaint that corrects the defects the R&R identified. **Failure to file an amended complaint as ordered may result in dismissal of the case without further notice to McCullock.**

McCullock must still show cause why Defendant Jin Kul Yu should not be dismissed for failure to serve, as previously ordered. (*See* Docket no. 26.)

**IT IS SO ORDERED**.

DATED: February 15, 2017

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge