# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MCCULLOCK, | CASE NO. 16cv457-LAB (DHB) |
| Plaintiff, | **ORDER ADOPTING REPORT AND RECOMMENDATION; AND** |
| vs. | |
| R. STEVEN THARRATT, et al., | **ORDER OF DISMISSAL WITH PREJUDICE** |
| Defendants. | |

Plaintiff Robert McCullock, a prisoner in state custody, filed this 28 U.S.C. § 1983 action. Following dismissal of his complaint, McCullock filed an amended complaint (the "FAC"). Defendants' motion to dismiss the FAC with prejudice was referred to the magistrate judge for a report and recommendation. On November 8, 2017, Magistrate Judge Louisa Porter issued her report and recommendation (the "R&R"), recommending that the motion to be dismissed with prejudice. The R&R gave the parties until December 8 to file objections, and McCullock has now filed his objections ("Objections," Docket no. 48).

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). The Court may accept, reject, or modify, in whole or in part, the R & R's findings or recommendations. 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the R & R to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) (en

banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *Id.*

The federal rules require specific written objections; generalized or blanket objections do not trigger the *de novo* review requirement. *See* Fed. R. Civ. P. 72(b)(2); *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007) (holding that only "specific written objections" — not generalized or blanket objections — trigger de novo review of a magistrate judge's report and recommendation); *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir.1988) ("Frivolous, conclusive, or general objections [to a magistrate judge's report and recommendation] need not be considered by the district court.").

**Factual Background**

McCullock did not object to any of the R&R's factual findings, which the Court **ADOPTS**. The following brief factual background summarizes some key points from those findings, although the Court's ruling is based on all the findings in the R&R.

McCullock's claim is that Defendants were indifferent to his serious medical needs, in violation of the Eighth Amendment. McCullock, a prisoner in state custody, alleges he had a specialist-recommended biopsy in February of 2015. On March 6, 2015, Defendant Dr. Yu obtained the pathology report, which allegedly included a finding of "squaous cell carcinoma at deep margins." It was not until April 29, 2015 that another doctor seeing McCullock via tele-medicine for valley fever reviewed the report, informed McCullock he had cancer, and discussed it in his own report. Then on May 1, Dr. Yu reviewed that doctor's report and generated a "request for Serv'ce" for plastic surgery, characterizing the referral as routine.

On May 14, 2015, three specimens were excised from McCullock. When examined, they were found negative for cancer, and the final diagnosis was mild actinic keratosis in all three specimens. In other words, in spite of the original pathology report, McCullock never had cancer. He will, however, require surveillance due to his higher risk for malignancy in the future.

/ / /

Defendants offer the explanation that Dr. Yu misunderstood the pathology report and therefore did not treat its findings as a high priority. McCullock has submitted a document showing that Defendants Walker and Roberts later met with Dr. Yu for training, though McCullock disputed that this would be sufficient to deter future mistakes.

The FAC requests injunctive relief in the form of a transfer to a different facility with better medical care. It also seeks declaratory relief, compensatory damages, and punitive damages. The R&R recommended granting the motion to dismiss with prejudice.

**Objections and Review**

McCullock filed three full pages of objections. Much of what he says, however, does not amount to specific written objections. He objects to the R&R in almost its entirety. (*See* Objections at 1:17–21 (objecting generally to the R&R's conclusions, except for one sentence); 3:25–27 (same).) He also provides his own citations to the law that agree with those cited in the R&R. He does, however, make several specific objections.

McCullock argues that merely by failing to act on the pathology report, Defendants violated his constitutional rights. He blames both Dr. Yu and those charged with creating official policy. If the report's identification of cancer had turned out to be correct, he would have had a point; this would have been a serious medical need, and delaying treatment could have harmed him. Fortunately, he did not have cancer, but rather mild actinic keratosis, a condition that he does not claim was serious and does not claim could have caused him significant injury if left undiagnosed or untreated. *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991) (defining a serious medical need as one that could result in further significant injury or the unnecessary and wanton infliction of pain if not treated). He does not identify any actionable harm[1] he suffered as a result of the delay.

---

[1] The only other physical harm the FAC points to is scarring, apparently under the frivolous alternative theory that because he did not have cancer, either the original biopsy (ordered by an unnamed specialist) or the second biopsy (ordered by Dr. Yu in reliance on the pathology report) was a medically unnecessary procedure. (*See* FAC at 36.) The R&R correctly rejected the argument that Dr. Yu's reliance on a report that later turned out to be wrong amounted to deliberate indifference. McCullock also claims emotional distress damages, but the Prison Litigation Reform Act of 1995 provides that a plaintiff cannot premise a constitutional violation solely on a mental or emotional injury. *See Oliver v. Keller*, 289 F.3d 623, 627-30 (9th Cir. 2002). McCullock did not object to these recommendations.

Because McCullock in fact did not have a serious medical need, and because he suffered no harm as the result of any Defendant's indifference, the FAC fails to state a claim. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *McGuckin*, 974 F.2d at 1059–60) (setting forth elements for a deliberate indifference claim, including "a serious medical need," deliberate indifference to that need, and "harm caused by the indifference").

The Objections also cite California state tort law regarding third parties' duty to rescue, suggesting that the standards for supervisor liability under § 1983 are controlled by state law rather than by the stricter federal standards. But McCullock is not suing Defendants under state tort law, nor can he. The Objections also cite federal standards for supervisory liability, but they are the same ones the R&R cites and applies. The R&R correctly sets forth the standards for § 1983 liability of supervisors and other third parties, and to the extent the Objections cite any apparently conflicting standards, those standards do not apply to these claims. Moreover, the R&R correctly applies those standards.

The only other objections McCullock makes are his own conclusory assertions that Defendants violated his rights, denied him medical care, and are liable for unnecessarily and wantonly inflicting pain on him. (Obj. at 1:24–2:4.)

McCullock has made no other specific written objections sufficient to trigger the Court's *de novo* review. The Objections do not address liability under any other theory or on any other basis, or the appropriateness of injunctive relief. Although not required to do so, the Court has reviewed the R&R in its entirety, and finds it to be correct. The R&R correctly rejected McCullock's alternative theories. And although there is some possibility of carcinoma or other serious health problems in the future, the risk of an analogous situation arising again is so attenuated and speculative that injunctive relief is inappropriate. The Court agrees with the R&R that McCullock has failed to state a claim, and that his complaint cannot be saved by further amendment.

/ / /

/ / /

/ / /

**Conclusion and Order**

For these reasons McCullock's objections to the R&R are **OVERRULED**, and the R&R is **ADOPTED**. The FAC is **DISMISSED** and McCullock's claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

DATED: December 15, 2017

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge