# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MCCULLOCK, | CASE NO. 16cv457-LAB (DHB) |
| Plaintiff, | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| vs. | |
| R. STEVEN THARRATT, et al., | |
| Defendants. | |

After the Court denied Plaintiff Robert McCullock's 28 U.S.C. § 1983 action, McCullock filed a motion for reconsideration under Fed. R. Civ. P. 59. He argues that the Court misapplied the pleading standard and failed to liberally construe his *pro se* complaint. He suggests that he should have been given an opportunity to file a third complaint.

The original complaint was dismissed, partly because of McCullock's failure to plead adequate facts. But the amended complaint — and the case — were dismissed with prejudice because it was clear that McCullock had no § 1983 claim and his complaint could not be saved by further amendment.

McCullock brought only § 1983 claims in this action, and those were the only claims dismissed with prejudice. He now says he might have a claim for negligence and malpractice. Accordingly, he asks the Court to "transfer these issues" to another court that can adjudicate them.

/ / /

1       This is not possible. The Court does not have, and never did have, jurisdiction over any negligence or malpractice claims. If sued in their official capacities, Defendants are immune from suit in federal court under the Eleventh Amendment. *See Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1111 (9th Cir. 2010). If they are sued in their individual capacities, the Court cannot exercise diversity jurisdiction over these non-diverse parties, and no other basis for jurisdiction is present. Even assuming transfer were appropriate, no court that the Court has the power to transfer this case to would have the power to adjudicate McCullock's negligence or malpractice claims.

      Furthermore, McCullock did not plead compliance with the California Tort Claims Act. *See Mitchel v. City of Santa Rosa*, 476 Fed. Appx. 661, 664 (9th Cir. 2011) (affirming dismissal of claim on the ground that the plaintiff failed to plead compliance with the California Tort Claims Act). If he failed to comply with its requirements, any negligence or malpractice claims he might have had would be barred. *See* Cal. Govt. Code §§ 905.2, 910, 911.2, 945.4, 950–950.2; *Mangold v. California Pub. Utils. Comm'n,* 67 F.3d 1470, 1477 (9th Cir. 1995).

      McCullock's Rule 59 motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: January 4, 2018

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge